Eminent domain; taking; standing to sue; refusal to condemn for lack of appropriated funds; cattle grazing. — On January 11, 1980 the court entered the following order:
*549 Before Friedman, Chief Judge, Nichols and Smith, Judges.
Plaintiff, Phil R. Lucero, is Commissioner of Public Lands, State of New Mexico. The other plaintiffs, 99 in all, are persons who lease land from the state for grazing purposes. All allege a fifth amendment taking. Defendant moves for judgment on the pleadings. It is one of those cases where it is impossible to say just by reading the petition that the plaintiffs have no cause of action, and, therefore, the motion is denied, except that we strike the name of Mr. Lucero as a party plaintiff, his interest in the claim not being properly alleged.
It seems defendant has established a defense facility known as the White Sands Missile Range. We construe the petition as alleging that the range is operational and has set boundaries within which the involved lands are located. Some land was privately owned and defendant has taken it already. Petitioners say that ranches are assembled for cattle grazing by bringing together tracts partly owned by the rancher in fee and partly leased from the state. Defendant has taken the former for the range, but refuses to take the latter, for lack of appropriated funds according to the petition. We may assume it is not very practicable to raise cattle on a missile range and that the failure of defendant to condemn tracts that the state owns does not make it more practicable to do so on those particular tracts. On the other hand, the petition does not allege any actual firing of missiles or that any cattle, or their owners, have as yet become casualties. Rather, the gist of the petition seems to be that whatever the defendant has done on its fee lands has made it impracticable to raise cattle on the lands owned by the state and involved in the instant claim.
Defendant relies on the ancient rule that it is not liable for land incidentally harmed as to its use but not actually taken into possession, so long as it is a distinct tract and not merely part of land taken. But it has long since also been held that the firing of a government missile over land may be a taking of it, and so may be the manifestation of an intent to fire, depending on whether the acts as a whole are such as to indicate an intent to take. Portsmouth Harbor Co. v. United States, 260 U.S. 327 (1922). In United *550 States v. Causby, 328 U.S. 256, 262 (1946), the same idea extends to the establishment of approach routes around airports. In the absence of allegations that defendant has fired any missiles, we can turn to Drakes Bay Land Co. v. United States, 191 Ct. Cl. 389, 424 F. 2d 574 (1970) where defendant included land within the statutory boundary of a national park but refused to condemn it for lack of appropriated funds, using other means to prevent the owners from doing anything with their lands. Cf. also Pete v. United States, 209 Ct. Ct. Cl. 270, 531 F. 2d 1018 (1976).
Since we cannot say plaintiffs’ allegations, read favorably to plaintiffs, do not bring the case within the above authorities, we cannot grant defendant’s motion. The facts may be wholly other than we suppose, but if defendant can show they are, it will prevail. At any rate, the petition, scanty as it is, suffices to keep plaintiffs in court, except for Mr. Lucero. If the intent of naming him was to claim compensation for the state’s ownership interests, proper allegations will make it a party and leave is granted to amend the petition for that purpose. The trial division will see that the pleadings are corrected and report the facts so we can determine whether defendant has taken the properties involved. Defendant’s motion is accordingly granted as to Mr. Lucero and denied as to all other plaintiffs.